WILLIAM H. RADFORD ET AL., APPELLEES, V. THOMAS WOOD, APPELLANT.

FILED MARCH 20, 1909.    No. 15,552.

Waters: OBSTRUCTIONS: INJUNCTION. R. constructed a dam across the intake of a subsidiary channel of a natural watercourse, and thereby retained all of the water in said river in the main channel. R. had not secured permission from the riparian owners on the main channel below said dam to thus increase the flow of water, nor had he proceeded under any statute to secure that right. R. brought an action to enjoin W., the owner of an island in the main channel of the river five miles below his dam, from destroying said obstruction, and W. filed a cross-petition to compel R. to remove it, and also prayed for damages. *Held*, That, as R. did not have lawful authority to construct said dam, a court of equity would not protect him in maintaining it, but, as the evidence was conflicting and left the court in doubt as to whether said obstruction damaged W., he would, under the circumstances of the case, be relegated to his action at law for damages.

APPEAL from the district court for Buffalo county: JAMES N. PAUL, JUDGE. *Reversed.*

*Warren Pratt* and *W. H. Thompson,* for appellant.

*W. D. Oldham* and *H. M. Sinclair, contra.*

ROOT, J.

Action and cross-action for injunction. Plaintiffs prevailed, and defendant appeals.

The Platte river in the location where this controversy arose is divided into three channels. The middle channel, approximately 1,100 feet, and the south one, about 270 feet wide, need only be considered. The south channel is separated from the main one by Elm Island. Plaintiffs about four years preceding the commencement of this action constructed a series of dams between various small islands in the intake of the south channel, and thereby deflected into the main channel the waters that otherwise would have flowed down and through the former course. In consequence, the lands either owned or controlled by plaintiffs and other lands situated upon Elm Island and south of the south channel were rendered more arable, and Elm Island more accessible, than theretofore. Defendant owns an island containing about 200 acres situated in the main channel about 5 miles south of the intake of the south channel. Public bridges, forming part of the highway, connect said island with the mainland, and for many years it has been a valuable farm. During the latter part of May and early days in June in each year water, caused by melting snow in the mountains, flows down said river, and during that period only the waters of said stream cause any concern to riparian owners along said watercourse. Later in the year the waters subside so that in August and September all of said channels are practically dry. The land adjacent to said stream, and forming the islands therein, is loose and porous and the substratum sand. The water table in said lands rises or lowers in accord with the height of the water in the adjacent channel of the river.

Plaintiffs claim that defendant has threatened to and, if not restrained, will destroy the aforesaid dams which have been constructed at great cost and expense, and that defendant is insolvent. Defendant, while denying any intention to summarily interfere with said obstructions, alleges in his cross-petition that they are unlawful, and, as a result of their maintenance, an increased flow of water in the main channel has inundated his

farm and destroyed his crops; that thereby the banks of said island have been and now are continuously eroded, and the area of his farm has been and will continue to be diminished, and, in addition to a judgment for alleged accrued damages, asks for a mandatory injunction to compel plaintiffs to remove said obstructions. The court found generally for plaintiffs, granted them a perpetual injunction, and dismissed defendant's cross-petition without prejudice to an action at law.

Upon one point the facts are undisputed, and that is that the dams under consideration were constructed and are now maintained so as to obstruct and prevent the flow of water in a channel that has been a watercourse from time immemorial, and that plaintiffs constructed said dam without any authority of law. If any riparian owner of lands lying upon the south channel were complaining, it is clear that he would be entitled to relief. Defendant is not in that position, but the flow of water past his premises, instead of being diminished, is increased and, he avers, accelerated. The owner of land upon a natural watercourse is entitled to have the flow continue in its usual quantity and at its natural height, unless by appropriate proceedings known to the law some person has secured the right to alter natural conditions. If by reason of unlawful interference with the stream above his land the water is obstructed or drawn down, or made to run in unusual quantities or in an unusual manner, to his actual injury, the riparian owner has his action. *Gerrish v. Clough,* 48 N. H. 9, 2 Am. Rep. 165; *Merritt v. Parker,* 1 N. J. Law, 460; *East Jersey Water Co.* v. *Bigelow,* 60 N. J. Law, 201; *Tillotson v. Smith,* 32 N. H. 90, 64 Am. Dec. 355; *Pixley v. Clark,* 35 N. Y. 520. Plaintiffs neither secured permission from the lower riparian owners on the main channel to deflect therein the waters of the south channel, nor proceeded under any statute to improve their land and assess damages and benefits that might accrue by reason thereof, nor are they draining ponds or providing for the disposition of surface water

only. It does not seem to us that a court of equity should issue its mandate to protect plaintiffs in the enjoyment of a nuisance, even though it will not at the request of every person abate that nuisance.

Concerning defendant's cross-petition, we find that the evidence is not so clear and convincing upon the issue of whether said dams have damaged or will damage defendant as to justify an injunction in his favor. The writ should not issue unless the right therefor is clear, the damage complained of irreparable, and an action at law will not afford adequate relief. *Westbrook Mfg. Co. v. Warren,* 77 Me. 437. The trial judge evidently did not find the evidence so satisfactory as to warrant him in assessing such damages.

We have read the evidence carefully, and find it in hopeless and irreconcilable conflict upon the question of whether the deflection of the current of the south channel has caused defendant any damage. His property is about five miles down stream, and no one owning property on the main channel between defendant's island and the intake of the south channel has complained that his property had been injuriously affected by the construction of said dams, and the testimony shows that the water in the main channel has not overflowed the river banks for many years last past. The evidence shows, and we take judicial notice of the fact, that the thread of the stream in the Platte fluctuates from year to year, and, at times, during the year; that, as the current shifts from one side of the stream to the other, the banks are often eroded or accreted, and more or less changes are made in the contour of the islands in the river. The causes for such deflections and changes, although at times apparent, are often obscure. Defendant's evidence tends to prove that the closing of the intake referred to will, when the Platte is well filled with water, raise the crest of the water in the main channel five inches, and with this change that the water table of the adjacent lands, including defendant's island, will be uplifted that much; but

the testimony seems undisputed that during the first and second years of the maintenance of the dams no damages whatever accrued to defendant's land, and whether the erosion of the banks of that island in the next succeeding two years was caused by the closing of said intake or by some unexplained change in the current of said river is a matter of more or less speculation. The water marks observed and known along said channel fail to indicate that the water in the main channel during the third and fourth years said dams were maintained was higher than during the preceding years, for which defendant does not claim damages.

On the entire record we are satisfied that an injunction should not issue for the benefit of either party, and that defendant should be relegated to his action at law. The judgment of the district court, therefore, is reversed, and plaintiffs' petition and defendant's cross-petition dismissed at plaintiffs' costs, but without prejudice to an action at law by defendant, and without prejudice to an action in equity in a proper case.

JUDGMENT ACCORDINGLY.